IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,123-01






EX PARTE RODOLFO ALVAREZ MEDRANO








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. CR-0942-03-F IN THE 332ND JUDICIAL DISTRICT COURT


HIDALGO COUNTY






 Per Curiam. 



O R D E R



 This matter is before us because an application for post-conviction writ of habeas
corpus was untimely filed in the trial court pursuant to the provisions of Texas Code of
Criminal Procedure article 11.071.

 In August 2005, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure article
37.071, and the trial court, accordingly, set punishment at death. This Court affirmed
applicant's conviction and sentence on direct appeal. Medrano v. State, No. AP-75,320 (Tex.
Crim. App. Nov. 26, 2008)(not designated for publication).

 Pursuant to Article 11.071 § 4(a), the writ application should have been filed in the
trial court "not later than the 45th day after the date the state's original brief [was] filed on
direct appeal[.]" The State's brief on direct appeal was filed in this Court on July 12, 2007. 
This made the due date for filing no later than August 27, 2007. (1) Article 11.071 § 4(b)
provided that "[t]he convicting court, before the filing date that is applicable . . . may for
good cause shown . . . grant one 90-day extension that begins on the filing date applicable
to the defendant[.]" (Emphasis added.) Had applicant obtained a valid extension, then his
application would have been due no later than November 26, 2007. (2) Although applicant
timely filed a motion for extension, the trial court did not rule on the motion for extension
until October 16, 2007, nearly three weeks after the original due date, rendering the extension
invalid. See Article 11.071 § 4(b). 

 When an application is untimely filed, Article 11.071 § 4(d) requires the convicting
court to notify this Court within ten days of the untimely filing. However, that did not
happen in this case. Furthermore, other events have occurred since the time of filing that
have created a conflict between counsel who filed the untimely document and applicant. To
remedy that conflict, the convicting court has removed the original counsel from the case and
substituted in new counsel.

 After reviewing the record in this case, and the trial court's hearing concerning
counsel, we have determined that we need not summon counsel who filed the purported writ
application before us because he cannot show good cause. Although counsel filed his initial
document prior to November 26, 2007, the date an application would have been due had the
extension been valid, counsel filed only a bare bones document raising 21 claims. We have
held that the type of document filed is not a proper writ application. See Ex parte Medina,
361 S.W.3d 633 (Tex. Crim. App. 2011). Counsel did not support his claims with sufficient
facts and law until November 2011. Assuming that these pleadings constitute a valid
application, we conclude that the initial untimely filing, coupled with a four year delay in
supporting the claims raised in the filing, renders any explanation regarding good cause
insufficient. 

 Consequently, we dismiss both the application and the brief filed in support of that
application. See Art. 11.071 § 4A(b). Likewise, we dismiss applicant's pro se motion to
amend that application. We adopt the trial court's appointment of new counsel, and we
appoint Michael C. Gross to file a new writ application on applicant's behalf. The writ
application is due to be filed in the trial court on or before the 270th day after the date of this
order. 

 IT IS SO ORDERED THIS THE 7th DAY OF NOVEMBER, 2012.


Do Not Publish
1. The due date actually fell on Sunday, August 26, 2007, making the application timely
filed if filed on Monday, August 27, 2007.
2. The due date actually fell on Saturday, November 24, 2007, making the application
timely filed if filed on Monday, November 26, 2007.